**SOUTHERN PACIFIC TRANSPORTATION COMPANY and St. Louis Southwestern Railway Company, Appellants,**

v.

**VOLUNTARY PURCHASING GROUPS, INC., Appellee.**

No. 3:98–CV–051.

United States District Court, E.D. Texas, Paris Division.

Jan. 22, 1999.

David W. Elrod, Michael Calvin Wright, Calhoun & Stacy, Mark A Calhoun, Calhoun & Stacy, Elizabeth Reding Gambrell, Dallas, TX, for appellants.

James Patrick Kelley, Ireland Carroll & Kelley, Tyler, TX, for appellees.

Lynnette Randee Warman, Jenkens & Gilchrist, Dallas, TX, Hal F. Morris, Attorney General's Office, Austin, TX, Gregory Getty Hesse, for movants.

*ORDER DENYING MOTION TO DISMISS APPEAL OF THE CONFIRMATION ORDER AND DIRECTING APPELLANTS TO FILE CLARIFYING DOCUMENTS*

. SCHELL, Chief Judge.

This matter is before the court on the Motion to Dismiss Appeal of the Confirmation Order (Dkt.# 14) filed by the Official Unsecured Creditor's Committee (the "Committee") on September 10, 1998. On September 21, 1998, Appellants Southern Pacific Transportation Company ("SP") and St. Louis Southwestern Railway Company ("SSW") filed a joint response in opposition to the Committee's motion. On October 1, 1998, the Debtor, Voluntary Purchasing Groups, Inc. ("VPG"), joined in the Committee's motion and filed a reply to the response submitted by SP and SSW. On October 9, 1998, SP and SSW responded to VPG's reply. Finally, SP and SSW filed a supplement to their response to the Committee's motion on November 10, 1998, and the Committee filed an objection to that supplemental response on November 17, 1998. Having fully considered the parties' submissions in light of the applicable law and the circumstances of this case, the court concludes that the Committee's motion to dismiss should be DENIED but that Appellants should be required to file documents clarifying their legal identity and representation.

### DISCUSSION

Through the instant motion, the Committee objects to the filing of this appeal of the bankruptcy court's confirmation order by SP and SSW. It argues that those parties lack standing to take this appeal in their own names given that they merged with Union Pacific Railroad Company ("UPRR") after the bankruptcy petition was filed in this case. The Committee contends that such a merger qualifies as a "transfer" of those parties' claim(s) against VPG and that the filing of a notice of transfer identifying UPRR as the new holder of the claim(s) was required under Bankruptcy Rule 3001(e).[1] Because no

---

1. That rule provides in relevant part: "If a claim ... has been transferred ... after the proof of

such notice has been filed, the Committee argues that this appeal is being prosecuted by entities that are no longer true parties in interest and should be dismissed. As an alternative to dismissal, the Committee asks the court to require SP and SSW to submit evidence proving that they have a continuing interest in this case independent of UPRR.

After considering the arguments made for and against the Committee's motion, the court concludes that dismissal of this appeal is not warranted. To begin with, the Committee's motion is premised on a significant factual inaccuracy. The Committee contends that SP and SSW lack standing to take this appeal due to their merger with UPRR and the attendant transfer of all their assets to that surviving entity. In reality, however, the surviving entity in this case is SP, not UPRR. The three relevant mergers that have occurred are (1) SSW's September 30, 1997, merger with and into SSW Merger Corp., (2) SSW Merger Corp.'s September 30, 1997, merger with and into UPRR, and (3) UPRR's January 30, 1998, merger with and into SP. *See* Appellants' Resp. to Mot. to Dismiss Appeal of the Confirm. Ord. at Exhibits A, B, & C. After the third and final merger was completed, SP changed its name to Union Pacific Railroad Company ("Union Pacific"). *See id.* at Ex. C.

■ Consequently, while the Committee may be correct in saying that SSW ceased to exist as a separate business entity when its merger with SSW Merger Corp. was consummated, it is inaccurate to say that SP lost its legal identity at any time. Instead, after enlarging its corporate form through the above-noted mergers, SP merely changed its name to Union Pacific. Because "[t]he change of a corporation's name is not a change of the identity of a corporation and has no effect on the corporation's property, rights, or liabilities," *Alley v. Miramon,* 614 F.2d 1372, 1384 (5th Cir.1980), the fact that

SP elected to change its name is of little consequence to the instant motion. Therefore, even under the liberal interpretation of the term "transfer" being urged by the Committee, Rule 3001(e)'s filing requirements would not be triggered by the mergers of SSW and UPRR into SP and that entity's subsequent name change. SP remains the same true party in interest that it was when it originally filed its proof of claim, albeit under its new name of Union Pacific.[2]

■ To the extent that Rule 3001(e) applies to this case at all, it applies only to SSW and any claim that continues to be asserted by that party. However, the court is not convinced that the rule would apply even to SSW. For example, certain aspects of Rule 3001(e) would be rendered meaningless were mergers such as those that occurred here deemed to be transfers of the merging companies' bankruptcy claims. Additionally, some courts have questioned whether parties such as the Committee even have standing to raise Rule 3001(e)(2) objections given that the only party expressly authorized to object to a claim transfer under that rule is a transferor (i.e., SSW in this instance). *See In re Crosscreek Apartments Ltd.,* 211 B.R. 641, 646 n. 7 (Bankr.E.D.Tenn.1997). Indeed, Rule 3001(e)(2) establishes procedures for handling disputes between purported transferors and would-be transferees only and makes no reference to any other party in interest. Hence, these and similar issues raise doubts in the court's mind about whether Rule 3001(e) can be properly applied here. And regrettably, the court finds little guidance in the applicable case law.

In an abundance of caution, however, the court concludes that the most prudent course of action would be to direct SSW and SP (now Union Pacific) to jointly file a document that satisfies the guidelines set out in Rule 3001(e)(2). The court finds this resolution to

---

claim has been filed, evidence of the transfer shall be filed by the transferee." Fed. R. Bankr.P. 3001(e)(2). The term "transfer" is defined by the Bankruptcy Code to mean "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of *disposing of or parting with property or with an interest in property,* including retention of title as a security interest

and foreclosure of the debtor's equity of redemption." 11 U.S.C. § 101(54) (emphasis added).

**2.** The Committee has cited no Bankruptcy Code provision, nor is the court aware of any, that requires a creditor to refile its claim upon changing its name or to otherwise give notice of the name change to the court or other parties.

be warranted by the unusual number of post-petition corporate mergers affecting this case and the scarcity of relevant legal authorities regarding this issue. In addition, filing such clarifying documentation would resolve the concerns raised by the Committee, would eliminate confusion about the identity of the parties to this appeal, and would serve to facilitate the management of this case. In reaching this conclusion, the court emphasizes that it is not deciding whether Rule 3001(e) applies here, but is merely fashioning a practical remedy for the unique circumstances of this case.

### CONCLUSION

It is, therefore, ORDERED that the Committee's Motion to Dismiss Appeal of the Confirmation Order is hereby DENIED. It is further ORDERED that Appellants Southern Pacific Transportation Company and St. Louis Southwestern Railway Company (or their successors in interest) shall file a document that satisfies the requirements of Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure. Such document shall be filed no later than February 10, 1999, and should reflect that a proof of claim has previously been filed in this case, the name in which that proof of claim was filed, and the name of the entity that now has the right to be recognized as the holder of that claim.[3]

---

[3]. In addition to the Committee's Rule 3001(e)(2) claim, *the instant motion to dismiss also complains* that the law firm of Calhoun and Stacy has violated Bankruptcy Rule 2019(a) by failing to file a verified statement disclosing its representation of SP, SSW, and UPRR. As with the Committee's first claim, the court has serious doubts about the applicability of Rule 2019(a) here. It would appear to the court that SP,

SSW, and UPRR are most appropriately characterized as a *single creditor for purposes of that* rule. Nevertheless, for the sake of clarity and to avoid further confusion and dispute about this matter, the court directs Calhoun and Stacy to file a document that satisfies the dictates of Rule 2019(a). Such document shall be filed by February 10, 1999.